IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 2:15-00054-CG-B |
| KENNY HAYES CUSTOM HOMES, LLC., KENNY HAYES, individually, DAVID CHANCELLOR, individually, JOE NELSON, individually, TAMMY NELSON, individually. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the motions to dismiss or, in the alternative, to stay this action filed by Defendants Kenny Hayes Custom Homes, Kenny Hayes, David Chancellor (the "Builders") (Doc. 11) and Joe and Tammy Nelson ("Nelsons") (Doc. 18) as well as Plaintiff Employers Mutual Casualty Company's ("EMCC") response in opposition (Doc. 21), the Builders' reply (Doc. 22) and EMCC's supplemental response (Doc. 23). For the reasons stated below, the motions to dismiss or, in the alternative, stay are due to be denied.

## BACKGROUND

The underpinnings of this insurance coverage declaratory judgment

action lie in a breach of contract and tort claim suit filed on May 19, 2014, in the Circuit Court of Wilcox County, Alabama (the "underlying action"), Docket No. 14-900046,. (Doc. 11 Exh. A). In the underlying action, Joe and Tammy Nelson sued the Builders for breach of contract, fraud, negligence, and wantonness arising from the construction of the Nelsons' home. (Doc. 1 p. 4). According to the complaint in the underlying action, the Nelsons entered into a contract for the construction of their home with the Builders. (Doc. 11 Exh. A). Throughout the construction process and subsequent to completion, the Nelsons allege numerous failures of the Builder to adequately supervise the construction resulting in serious latent defects with the home, including water intrusion. (Id.) The Builders' insurance company, EMCC, filed a motion for limited permissive intervention in the underlying action on October 28, 2014. (Id.) All parties in the underlying action objected to EMCC's intervention, arguing the insurance company's presence was prejudicial. (Doc. 1 Exhs. 1, 2). On January 8, Judge Meigs denied EMCC's intervention at the hearing on the underlying action. (Doc. 1). EMCC then filed a complaint for declaratory judgment in this Court on February 2, 2015. Id.

After receipt of service for the present action, the Builders filed a Third Party Complaint against EMCC in the underlying action. The Builders (Doc. 11) filed a motion to dismiss or stay this action citing the Wilton/Brillhart abstention doctrine, arguments which the Nelsons adopted by reference (Doc. 18). On March 18, 2015, the judge in the underlying action allowed EMCC to

be added as a third party, "in order that Employers Mutual may participate in discovery." However, the judge limited this addition by stating "[t]he Court may, subject to motion or on its own motion, subsequently disallow the third party complaint to avoid injection of insurance into the underlying case. No party will be prejudiced by allowing this third party complaint at this point in the proceedings." (Doc. 23-1).

## II. <u>Wilton/Brillhart</u> Abstention

It is well settled that the Declaratory Judgment Act is properly "understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). Indeed, the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." <u>Id</u>. at 287 (citations omitted). As the Eleventh Circuit Court of Appeals has observed, the Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." <u>Ameritas Variable Life Ins. Co. v. Roach</u>, 411 F.3d 1328, 1330  (11th Cir. 2005); <u>see also</u> <u>Prudential Ins. Co. of Am. v. Doe</u>, 140 F.3d 785, 789 (8th Cir. 1998) ("The Supreme Court's decision in <u>Wilton</u> ... vests the district courts with broad discretion in deciding whether to hear a declaratory judgment action."). "The desire of insurance companies ... to receive declarations in federal court on matters of purely state law has no special call

on the federal forum." <u>Westchester Surplus Lines Ins. Co. v. Romar House Ass'n, Inc.</u>, 2008 WL 5412937, *2 (S.D. Ala. Dec. 29, 2008) (<u>quoting</u> <u>State Auto Ins. Co. v. Summy</u>, 234 F.3d 131, 136 (3rd Cir. 2000)).

Over seventy years ago, the Supreme Court opined that it would be both "uneconomical" and "vexatious" for a federal district court to hear a declaratory judgment action, concurrently with ongoing proceedings involving the same parties and same legal issues (not arising under federal law) in state court. <u>Brillhart v. Excess Ins. Co. of Am.</u>, 316 U.S. 491, 495, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). <u>Brillhart</u> admonished lower courts to avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." <u>Id</u>. In the wake of <u>Brillhart</u>, courts in this Circuit have long recognized that they have discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." <u>Ven–Fuel, Inc. v. Dep't of the Treasury</u>, 673 F.2d 1194, 1195 (11th Cir. 1982); <u>see also</u> <u>Fed. Reserve Bank of Atlanta v. Thomas</u>, 220 F.3d 1235, 1247 (11th Cir. 2000) ("A court may exercise its discretion to dismiss a declaratory judgment action in favor of a pending state court proceeding that will resolve the same state law issues.").

In <u>Ameritas Variable Life Ins. Co. v. Roach</u>, 411 F.3d 1328 (11th Cir. 2005), the Eleventh Circuit guided district courts on how to wield their <u>Wilton/Brillhart</u> discretion under the Declaratory Judgment Act in the

presence of parallel state proceedings. <u>Ameritas</u> emphasized that district courts must balance the interests of federalism, comity, and efficiency in determining whether to hear a declaratory judgment action in those circumstances, and promulgated a non-exhaustive set of nine "guideposts" to be considered. <u>Id</u>. at 1330–31.[1]

### III. ANALYSIS

In moving for dismissal, both the Builders and the Nelsons cast their motions entirely in terms of <u>Ameritas</u> principles. Specifically, the parties urge the Court to apply the multifactor test from <u>Ameritas</u> and to conclude from those considerations that <u>Wilton/Brillhart</u> abstention is warranted here.

An important threshold question is whether <u>Ameritas</u> even applies in this case. Notably, the Supreme Court in <u>Brillhart</u> addressed the circumstance "where another suit is pending in a state court presenting the **same issues**, not governed by federal law, between the **same parties**."

---

[1] The guideposts are: "(i) the state's interest in deciding the matter; (ii) whether a judgment in the federal action would completely resolve the controversy; (iii) whether the declaratory judgment action would clarify the parties' legal relations; (iv) whether the federal action is a form of procedural fencing being utilized to provide an arena for a race for res judicata or to achieve a federal hearing in a case not otherwise removable; (v) whether a ruling in the declaratory judgment action would increase friction between federal and state courts or otherwise encroach on state proceedings; (vi) whether a superior alternative remedy exists; (vii) whether underlying facts are important to informed resolution of the matter; (viii) whether the state court is better situated than the federal court to evaluate those facts; and (ix) the nexus (if any) between the underlying issues and state law/policy, and whether federal common or statutory law requires resolution of the declaratory judgment action." <u>Lexington Ins. Co. v. Rolison</u>, 434 F.Supp.2d 1228, 1234 (S.D. Ala. 2006) (citation and internal quotation marks omitted).

Brillhart, 316 U.S. at 495 (emphasis added). Ameritas itself applied the guidepost analysis where there is "parallel litigation in the state courts." 411 F.3d at 1331.

The first determination before an Ameritas analysis is whether there is parallel litigation in state court. For purposes of Wilton/Brillhart abstention, "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 997 (8th Cir. 2005) (citations omitted); see also Tyrer v. City of S. Beloit, Ill., 456 F.3d 744, 752 (7th Cir. 2006) ("Generally, a suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.") (internal quotation marks omitted); Indian Harbor Ins. Co. v. Republic Serv., Inc., 2010 WL 3701308, *2 (N.D. Ill. Sept. 10, 2010) ("Two actions are deemed to be parallel actions when substantially the same parties are contemporaneously litigating substantially the same issues in two fora.") (citation and internal quotation marks omitted). When a declaratory judgment action is brought by an insurer against an insured, there are no parallel proceedings if "(1) the insurer was not a party to the suit pending in state court; and (2) the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of insurance coverage." Cont'l Cas. Co. v. Advance Terrazzo & Tile Co., 462 F.3d 1002, 1006 (8th Cir. 2006) (citation omitted).

As to the issue of the parties, EMCC asked the state court if it could intervene, a motion opposed by both the Nelsons and the Builder. Upon denial of that motion in the underlying action, EMCC filed this declaratory judgment action. Then in an act of procedural maneuvering, the Builder filed a Third Party Complaint against EMCC in the underlying action, which the court granted with substantial limitations. In the underlying action, EMCC is allowed to participate in discovery, but the court reserved the right to disallow the third party complaint to prevent the "injection of insurance" in the case. (Doc. 23-1). The state judge's ruling is clear that insurance coverage issues are not to be joined in that case. Id. Thus, the judge in the underlying action will make no conclusive determinations about the contract provisions of the Builder's insurance policy. The core issue in this case is insurance coverage and not the Builder's liability.

The factual questions requiring resolution in this declaratory judgment action do not include the Builders' failure to adequately construct the Nelsons' home. The Builders' assertion that the federal and state court proceedings are parallel, while supported by the fact that the parties involved in the case are the same, fails on account of the distinct factual questions involved in the federal and state proceedings. What exists here are not parallel state court proceedings, but merely related state court proceedings. See Essex Ins. Co. v. Foley, 2011 WL 290423, at *2 (S.D. Ala. Jan. 27, 2011). This lack of parallelism weighs strongly against this Court's dismissal of the

declaratory judgment action. "In such circumstances, courts have shown marked reluctance to exercise their discretion to stay or dismiss the declaratory judgment action." State Farm Fire & Cas. Co. v. Knight, 2010 WL 551262, *3 (S.D. Ala. Feb. 11, 2010). Some Circuits hold that in the absence of parallel proceedings the broad Wilton discretion is narrowed. See e.g., Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 998 (8th Cir. 2005) ("A number of our sister courts agree that the broad discretion granted in Wilton does not apply when there are no parallel state court proceedings."); Maryland Cas. Co. v. Knight, 96 F.3d 1284, 1289 (9th Cir. 1996) (cases "in which there are no parallel state court proceedings[ ] lie at the outer boundaries of the district court's discretion under the Declaratory Judgment Act"). An alternative approach considers the dissimilarities between the state and federal lawsuits as essential to the Wilton/Brillhart analysis. See e.g., Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383, 394 n. 5 (5th Cir. 2003) (where there is a related, but not parallel, state court action, "the federal district court properly considers the extent of similarity between the pending state court and federal court cases" in deciding whether to hear the declaratory judgment action). [2] It appears that the Eleventh Circuit has not

---

[2] See also United States v. City of Las Cruces, 289 F.3d 1170, 1182 (10th Cir. 2002) (degree of similarity between two cases should be considered in making Brillhart abstention determination); Atlantic Cas. Ins. Co. v. GMC Concrete Co., 2007 WL 4335499, *3 (S.D. Ala. Dec. 7, 2007) (applying Wilton/Brillhart factors and remarking that the bulk of them "only favor abstention when both the state and federal courts are asked to decide the same legal or factual issues"); Standard Fire Ins. Co. v. Gordon, 376 F.Supp.2d 218, 230-31

had the opportunity to consider or adopt one of these approaches.

At a minimum, however, the absence of parallel proceedings is a substantial factor bearing on the <u>Wilton/Brillhart</u> analysis. <u>See e.g.</u>, <u>Med. Assur. Co. v. Hellman</u>, 610 F.3d 371, 379 (7th Cir. 2010) ("One factor supporting a decision to stay an action is the existence of adequate parallel proceedings.").

Even if the <u>Ameritas</u> analysis were fully applicable in the absence of actual parallel litigation in state court, the Court finds dismissal or a stay is unwarranted here. While there are (or may be) common facts between the two cases, the legal issues presented are entirely distinct. As such, the interests of federalism, comity and efficiency on which <u>Wilton/Brillhart</u> abstention are founded are not directly implicated here. Stated in terms of <u>Ameritas</u> guideposts, it does not appear that adjudicating EMCC's declaratory judgment action would in any way encroach on the state proceedings or cause friction between federal and state judiciaries. If anything, the opposite is true since a definitive ruling by this Court concerning whether EMCC has a duty to defend or indemnify the Builders in the underlying action may facilitate disposition of those state court proceedings by eliminating uncertainty as to EMCC's duties owed to the Builders. Moreover, the declaratory judgment action would clarify the

---

(D.R.I.2005) (explaining that "the absence of parallel proceedings does not compel the district court to entertain the action" and that the presence or absence of parallel proceedings in state court is simply one relevant consideration).

parties' legal relations in a manner that the underlying action cannot and will not (at least as between the Nelsons and the Builders). Furthermore, it is clear that EMCC did not improperly multiply the proceedings or bring this action in an act of "procedural fencing" to race for res judicata; to the contrary, EMCC appears to have brought this action in the proper forum for a proper purpose to resolve issues not joined in the underlying action.

In any event, staying this case pending the outcome of the underlying action would be unproductive (and would not preserve judicial or litigant resources) because the coverage issues would remain undecided in this case after the underlying action was completed. What's more, the duty-to-defend component of this declaratory judgment action would almost certainly be rendered moot by a stay pending resolution of the underlying action, thereby needlessly frustrating EMCC's efforts to obtain a ruling on the merits as to that issue.

This declaratory judgment action does not amount to gratuitous interference with the orderly and comprehensive disposition of the pending state court litigation between the Nelsons and the Builders. It does not foster tension between federal and state courts. It will not breed redundancy or waste judicial or litigant resources by raising the specter of inconsistent rulings or duplication of effort. And it does not run afoul of considerations of practicality and judicial administration. In short, it does not implicate any of the fundamental policy considerations that prompted creation of the judicial

doctrine of <u>Wilton/Brillhart</u> abstention in the first place. Accordingly, the Court will not exercise its discretion under the <u>Wilton/Brillhart</u> line of authorities to stay this declaratory judgment action pending resolution of the underlying case pending in state court.

<b>CONCLUSION</b>

After due consideration of all matters presented and for the reasons set forth herein, the Court finds that the Builders' and the Nelsons' motions to dismiss, or in the alternative to stay, (Docs. 11 & 18) are **DENIED.**

**DONE** and **ORDERED** this 22nd day of April, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE